RECEIVED
JAN 3 - 2023
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

FILED
JAN 03 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| Jonathan E. Woods | § |
| 14657-010 | §   1:23CV0032 RP |
| VS. | § |
| WARDEN ROSALEZ | § |

## MOTION FOR RELIEF UNDER §2241 U.S.C. ARTICLE 28

Now comes, Jonathan E. Woods, Petitioner, requesting relief from the Court in accordance to 28 U.S.C. § 2241. Petitioner, is currently incarcerated in FCI Bastrop, Bastrop, Texas. Petitioner brings this motion to request that the Court order the Bureau of Prisons to grant and apply Petitioners First Step Act, hereafter known as "FSA", earned time credits.

### FACTS

On December 21, 2018 the United States Congress passed and the President of the United States signed in to Law a bill referred to as the First Step Act. This act was to go into effect immediately. The area of the Act that is of importance to the Petitioner is in reference to the Earned Home Confinement credits known as "time credits". The Act specified that an eligible Petitioner that qualifies under the specific provisions

1

in the Act, would earn credits to be applied to Sentence Reduction and Home Confinement. To earn these credits, the Petitioner must meet several criteria and must be actively "programming". The Act specifically states that Programming is participation in productive activities. These Productive activities were further defined specifically to include: Employment in UNICOR, Institutional jobs, and other Programs that are developed by the BOP. Any one of these activities alone constitutes programming.

The FSA states that it is immediately active as of December 21, 2018. Eligible Petitioners are earning credits as of that date.

The FSA further goes on to state that the BOP over the course of four years shall develop additional programing. However, the BOP was ordered by the FSA to immediately apply the earned credits to Petitioners that were eligible and were involved in the available programing. These Petitioner would benefit from the application of the credits toward his release.

The Act specified that the Petitioner was to have reviews on a bi-annual basis. At which time the Petitioners needs would be evaluated and he would be informed of any activity that was necessary for him to maintain his or her status as an eligible participant. The review was also to advise the Petitioner as to

his or her activity that was required or need to complete his participation in the program.

The Act further specifies that: section 3633 paragraph 6 (e) Director of Bureau of Prisons shall develop guidelines for the reduction of rewards and incentives earned under subsection (d) for prisoner who violate prison rules or evidence-based recidivism reduction program or productive activity rules, which shall provide-

(2) any reduction that involves loss of time credits **shall require written notice** to the prisoner. (Emphasis added.)

Petitioner requested information as to his credits and was given a form called "FSA Time Credit Assessment". Attached hereto and incorporated herein for all purposes as **EXHIBIT "A"**. On October 9, 2022 Petitioner received the attached document dated October 7, 2022. The form indicates that out of 1386 programming days, he been disallowed 868 days of programing. This results in 434 days of credits for home confinement that have been disallowed. Petitioner was disallowed the days for an incomplete needs assessment. The BOP does the assessment, not the Petitioner. Petitioner was never requested to do an assessment nor was he aware that an assessment was needed. Petitioner was never notified of the incomplete assessment in writing as required by the FSA. The BOP has improperly

3

disallowed programing days for the petitioner, based on an incomplete assessment designation. This denies the Petitioner the time credits that he would have accrued for those programing days.

No notification was given to the Petitioner that he was not in compliance. Petitioner attended his bi-annual TEAM meetings and evaluations and was told repeatedly that he was eligible and was fulfilling all activities to earn maximum credits. At no time was he informed that he needed to attend a class, perform any activity, or that he had been placed in a status of refusal.  This equates to 434 days of credits that were disallowed, that the petitioner would otherwise be able to apply to home confinement credit.

Petitioner has been made aware that a large number of Petitioners have similarly been disallowed a substantial number of time credits.  Upon investigation, the Petitioner was told by his TEAM that the problem was an incomplete assessment that his FSA time credit Assessment Exhibit "A" indicated an incomplete assessment.  The TEAM had not been made aware of this prior to the October 7, 2022.  The disallowed days are from 2020. The alleged cause of the disallowed days was that the Psychology Department had entered an incomplete code in regards the Petitioner's assessment. Upon contacting the Psychology

department, the Petitioners were informed that the department had not completed his assessment. The Psychology department entered the Petitioner as an incomplete assessment. However, the Petitioner was never informed of the need for the assessment or that it was not complete.  When asked by the Petitioner of the status, the Psychology Department, stated that they just had not done the assessment and entered it as not complete, never intending for that designation to reflect a refusal. As can be seen by the dates of the Petitioner has credits after 2020. However, the BOP has determined that this time period that the Psychology Department had designated as incomplete would result in the Petitioner losing his credit for programing and subsequently his home confinement credits.

Petitioner was not aware of the loss of credits nor was he informed in writing of his status of refusal for not taking a class or survey, nor was his TEAM made aware of the loss or refusal status.

Additionally, the time period that the disallowed days are applied include a period of time that the Petitioner was locked down in the cells with no access to any TRULINCS or phone for number of months due to COVID.  The BOP had issued a directive that during that time there was a presumptive programing and everyone would be credited.

5

Administrative remedies are a futile process see the attached Exhibit "B". If the correction is not made by the November 1, 2022 date the BOP is deeming the loss of time fixed. The Administrative process is months long and would not be able to be completed by the date set by the BOP.

## ARGUMENT

Petitioner, is currently being irreparably harmed by the BOP not applying his full number of credits to his home confinement. The BOP has issued a directive, attached hereto and incorporated herein for all purposes as EXHIBIT "B", This directive states that the computer-generated data dated October 7, 2022 will be final as of November 1, 2022 unless the Petitioner has it corrected. The Petitioner has been informed that the local team and facility cannot provide any assistance in correcting the inaccurate disallowing of days in question. Therefore, the administrative remedies are not relevant since that process will require months to complete.

Petitioner has been actively programing since the date of commitment and arrival to the BOP and or as of the date that the FSA was enacted.

Petitioner has been to several TEAM meetings on a bi-annual basis since the FSA was enacted. The Petitioner was instructed as to what the TEAM had assessed as to his needs. The Petitioner was either told that the activities that he had done were sufficient or that the TEAM wanted him to complete in the next six (6) month period. Petitioner was disallowed days for an incomplete needs assessment. However, the Petitioner does not perform his own assessments. The BOP is the entity that the FSA directs to do the assessment of the Petitioner.

The BOP is punishing the Petitioner for the BOP'S failure to perform the procedures that the FSA directs the BOP to perform.

Petitioner was never told that an assessment was needed. The Petitioner was told at every TEAM meeting, the point FSA instructs the BOP to assess the Petitioner, that all assessments were complete.

Currently Petitioner's days to be applied to home confinement or to sentence reduction as calculated by the BOP as only 255 days. The other 434 days of credits earned as of October 7, 2022 have not been credited towards his release. The calculation is done as of the date of October 7, 2022. Petitioner would be still accruing days after this date.

7

The FSA order a statutory deadline of January 15, 2020 to assess the petitioner. Arguably the by the documents attached the BOP failed to do this assessment. Petitioner however, should not be penalized by the BOP for its failure to comply with the FSA law.

The FSA clearly states that as of January 15, 2020 the BOP would have fully implemented the FSA program. If in fact the assessment was incomplete the BOP is admitting that the agency has not fully implemented the FSA as instructed by Congress. The FSA further, provides that in the event that the BOP fails to act the Petitioner is granted access to the Court and the Court is to Order the BOP to grant the relief requested by the Petitioner that the FSA provides. This is clearly a violation of the Law and the BOP should be held in Contempt of Court.

## PRAYER

Petitioner requests that the Court order the BOP to apply all the programing days that the Petitioner has earned and calculate the Home Confinement Credits that were earned, applying these credits to his sentence reduction and or to home confinement to Petitioners case. The court should also consider that the Petitioner as of filing of this motion has accrued additional credits and the Court Should Order the BOP to apply any future Credits earned by the Petitioner.

Further the Petitioner request that the Court Order the BOP to correct its records to properly reflect the language of the law and provide notice in writing to Petitioner that they are not in compliance or that a specific activity is required for the Petitioner to earn his or her full credits.

Petitioner requests the Court to order the BOP to remove its designation of incomplete assessment from petitioner's FSA calculations.

Petitioner requests the Court to sanction the BOP as the Court sees fit to both compensate the Petitioner and to send a message to the BOP that such blatantly ignoring the law will not be tolerated.

Respectfully Submitted

*Jonathan E. Woods*

Jonathan E. Woods

14657-010

P.O. Box 1010

Bastrop, Texas 78602

## FSA Time Credit Assessment
Register Number:14657-010, Last Name:WOODS

**U.S. DEPARTMENT OF JUSTICE**                                **FEDERAL BUREAU OF PRISONS**

```
Register Number....: 14657-010              Responsible Facility: BAS
Inmate Name                                 Assessment Date.....: 10-07-2022
  Last.............: WOODS                  Period Start/Stop...: 12-21-2018 to 10-07-2022
  First............: JONATHAN               Accrued Pgm Days....: 518
  Middle...........: E                      Disallowed Pgm Days.: 868
  Suffix...........:                        FTC Towards RRC/HC..: 0
Gender.............: MALE                   FTC Towards Release.: 255
Start Incarceration: 09-26-2018             Can Apply FTC.......: Yes
```

```
Start       Stop        Pgm Status   Pgm Days
12-21-2018  10-17-2019  accrue       300
  Accrued Pgm Days...: 300
  Carry Over Pgm Days: 0
  Time Credit Factor.: 15
  Time Credits.......: 150
```
---
```
Start       Stop        Pgm Status   Pgm Days
10-17-2019  10-23-2019  disallow     6
  In SHU
    Facility Category Assignment   Start              Stop
      FTW      QTR     Z01-101LAD   10-17-2019 1443   10-17-2019 1917
      FTW      QTR     Z02-205UAD   10-17-2019 1917   10-20-2019 1722
      FTW      QTR     Z02-222UAD   10-20-2019 1722   10-22-2019 1941
```
---
```
Start       Stop        Pgm Status   Pgm Days
10-23-2019  01-15-2020  accrue       84
  Accrued Pgm Days...: 84
  Carry Over Pgm Days: 0
  Time Credit Factor.: 15
  Time Credits.......: 30
```
---
```
Start       Stop        Pgm Status   Pgm Days
01-15-2020  05-26-2022  disallow     862
  Not in qualifying admit status
    Facility Category Assignment   Start              Stop
      FTW      ARS     TRANSFER     11-23-2020 1051   11-23-2020 1051
      BO4      ARS     A-ADMIT      11-23-2020 1151   11-23-2020 1830
      OKL      ARS     A-BOP HLD    11-23-2020 1130   01-25-2021 0945
      BO4      ARS     RELEASE      11-23-2020 1830   11-23-2020 1830
  In SHU
    Facility Category Assignment   Start              Stop
```

Exhibit "A"

---
Assessment Date: 10-07-2022                    (1)                    Assessment# -2147458961

# FSA Time Credit Assessment

Register Number:14657-010, Last Name:WOODS

| U.S. DEPARTMENT OF JUSTICE | | | | | FEDERAL BUREAU OF PRISONS |
|---|---|---|---|---|---|

| | | | | |
|---|---|---|---|---|
| FTW | QTR | Z01-101LAD | 06-07-2020 0240 | 06-07-2020 0932 |
| FTW | QTR | Z02-220LAD | 06-07-2020 0932 | 06-20-2020 1351 |
| FTW | QTR | Z02-220UAD | 06-20-2020 1351 | 07-03-2020 1237 |
| FTW | QTR | Z02-208UAD | 07-03-2020 1237 | 07-18-2020 1459 |
| FTW | QTR | Z02-203UAD | 07-18-2020 1459 | 08-01-2020 1333 |
| FTW | QTR | Z02-202UAD | 08-01-2020 1333 | 08-18-2020 1808 |
| FTW | QTR | Z02-201UAD | 08-18-2020 1808 | 08-29-2020 1446 |
| FTW | QTR | Z02-224UAD | 08-29-2020 1446 | 09-12-2020 1356 |
| FTW | QTR | Z02-203UAD | 09-12-2020 1356 | 09-26-2020 1434 |
| FTW | QTR | Z02-202UAD | 09-26-2020 1434 | 10-10-2020 1508 |
| FTW | QTR | Z02-203LAD | 10-10-2020 1508 | 10-24-2020 0904 |
| FTW | QTR | Z02-203LAD | 10-24-2020 0904 | 11-07-2020 1326 |
| FTW | QTR | Z02-202LAD | 11-07-2020 1326 | 11-21-2020 1200 |
| FTW | QTR | Z01-101LAD | 11-21-2020 1200 | 11-21-2020 1233 |
| FTW | QTR | Z02-203LAD | 11-21-2020 1233 | 11-23-2020 1051 |
| OKL | QTR | Z03-171LAD | 11-23-2020 1940 | 11-25-2020 1055 |
| OKL | QTR | Z01-117UAD | 11-25-2020 1055 | 01-15-2021 1455 |
| OKL | QTR | Z02-148LAD | 01-15-2021 1455 | 01-25-2021 0945 |

Incomplete needs assessment

Missing Need Area(s)

Antisocial Peers

Cognitions

| Facility | Category | Assignment | Start | Stop |
|---|---|---|---|---|
| BAS | FSA | N-ANTISO R | 07-24-2020 2300 | 05-28-2021 1624 |
| BAS | FSA | N-COGNTV R | 07-24-2020 2300 | 05-28-2021 1624 |
| BAS | FSA | N-TRAUMA R | 07-24-2020 2300 | 05-28-2021 1624 |
| BAS | FSA | N-ANTISO R | 05-28-2021 1624 | 01-15-2022 1604 |
| BAS | FSA | N-COGNTV R | 05-28-2021 1624 | 01-15-2022 1604 |
| BAS | FSA | N-TRAUMA R | 05-28-2021 1624 | 01-15-2022 1604 |
| BAS | FSA | N-ANGER R | 05-28-2021 2300 | 07-15-2021 1051 |
| BAS | FSA | N-FM/PAR R | 05-23-2021 2300 | 09-11-2021 1057 |
| BAS | FSA | N-TRAUMA R | 01-15-2022 1604 | 03-11-2022 1525 |
| BAS | FSA | N-ANTISO R | 01-15-2022 1604 | 05-25-2022 1705 |
| BAS | FSA | N-COGNTV R | 01-15-2022 1604 | 05-25-2022 1705 |

---

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 05-25-2022 | 10-07-2022 | accrue | 134 |

Accrued Pgm Days...: 134

Carry Over Pgm Days: 24

Time Credit Factor.: 15

Time Credits.......: 75

Inmate Message: FTC Auto-Calculation Transition Update

Under the First Step Act of 2018 (FSA), eligible offenders are able to earn and apply time credits toward time off their sentences and/or early placement in halfway house or home confinement. Since January 2022, these credits have been calculated using the interim procedures which included manual calculation and a simplified review for successful participation. Recently, the auto-calculation application was launched. The move to the fully automated process included both the automated calculation of time credits and the review of all requirements related to successful participation. This led to changes in the "eligible to apply" status for some offenders calculated under the interim procedures which impacted community placement dates.

The intention was never to use the auto-calculation application to return inmates to custody who are in halfway houses or home confinement, nor was it intended to delay entry into already approved halfway house or home confinement starting dates. With the issuance of this memorandum, inmates who are currently in Bureau institutions and earning FSA time credits under the interim calculation procedures and also have halfway house or home confinement placement dates will maintain these placement dates pending completion of their Needs Assessments and resolution of programming participation issues.

Offenders who were impacted will be advised of their status and provided an opportunity to correct any open issue. The due date to correct these issues is **Tuesday, November 1, 2022**. Failure to resolve these open issues will result in an "opt out" status and the loss of eligibility to apply the time credits earned.

For all other inmates, if you did not complete your Needs Assessments and/or you declined to participation in EBRR programs or Productive Activities recommended based on your identified need areas, you are NOT in earning status nor are you eligible to apply any credit. You will need to review your most recent Needs Assessment worksheet and Program Review Report (team) to identify any Needs Assessments which are in "refuse status" and/or program declines and correct in order to ensure you are able to earn and apply time credits. **Failing to complete the Needs Assessment, including the self-assessment surveys on Trulincs, and/or failing to participate in EBRR programs or Productive Activities recommended based on identified need areas WILL negatively impact your ability to both earn and apply time credits.**

If you are not in earning status due to an incomplete Needs Assessment and/or declining to participating recommended EBBR program or productive activity, you are strongly encouraged to correct your status in order to ensure you are able to benefit from the First Step Act.

Exhibit "B"